IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| IN THE MATTER OF: | ) | Jointly Administered |
|---|---|---|
| | ) | |
| BENCHMARK HOMES, INC., | ) | CASE NO. BK06-80243-TJM |
| ASHFORD HOLLOW, L.L.C., | ) | BK06-80248-TJM |
| SADDLEBROOK PROPERTIES, L.L.C., | ) | BK06-80249-TJM |
| ONE NINETY-TWO, L.L.C., | ) | BK06-80250-TJM |
| CANTERBERRY CROSSING, L.L.C., | ) | BK06-80251-TJM |
| | ) | |
| Debtor(s). | ) | CH. 7 |

## ORDER

Hearing was held in Omaha, Nebraska, on October 14, 2008, regarding Filing No. 706, Motion for Immediate Payment of Allowed Administrative Expenses, filed by Consolidated Supply Co., Inc.; Pella Products of Omaha; and Standard Heating & Air Conditioning, Inc., and Filing No. 711, Objection, filed by Thomas D. Stalnaker, trustee. Robert Becker appeared for the trustee, Thomas Stalnaker appeared, Donald Swanson appeared for the Committee of Construction Lien Claimants, Michael Whaley appeared for ASI Systems, and Jenna Taub appeared for Consolidated Supply Co., Inc.; Pella Products of Omaha; and Standard Heating & Air Conditioning, Inc.

The parties dispute the appropriate method of distributing the proceeds of the sale of estate assets among various claimants. Specifically, the parties disagree on the interpretation of the distribution method approved and memorialized in a stipulated order filed in December 2007. It is well settled that a court is in the best position to interpret its own orders. See, e.g., Apex Oil Co. v. Sparks (In re Apex Oil Co.), 406 F.3d 538, 542 (8th Cir. 2005); Metro. Life Ins. Co. v. Olsen (In re Olsen), 861 F.2d 188, 189 (8th Cir. 1988); Luan Inv. S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.), 304 F.3d 223, 230 (2d Cir. 2002); Cal. State Bd. of Equal. v. Sierra Summit, Inc. (In re China Peak Resort), 847 F.2d 570, 572 (9th Cir. 1988), *vacated on other grounds*, 490 U.S. 844 (1989); Texas Nw. Ry. Co. v. Atchison, Topeka & Santa Fe Ry. Co. (In re Chicago, Rock Island & Pac. R. Co.), 860 F.2d 267, 272 (7th Cir. 1988); 11 U.S.C. § 105(a).

Debtor Benchmark Homes, Inc., and its related entities filed Chapter 11 petitions on March 7 and 8, 2006. The cases were administratively consolidated on March 23, 2006. On March 14, 2006, a committee of unsecured creditors was appointed, and on March 20, 2006, the nature of the committee was subsequently adjusted to be an official committee of construction lien claimants. A trustee was appointed on March 28, 2006.

On April 25, 2006, Great Western Bank filed a complaint against the trustee and all construction lien claimants in Adversary Proceeding No. A06-8074. The complaint requested a determination of the extent and validity of the bank's deed of trust liens, the construction liens, and the equity interest, if any, of the trustee. In addition, the complaint requested a reformation of the deeds of trust.

As the litigation progressed, the trustee and the bank entered into negotiations regarding a potential settlement. Counsel for the committee participated in much of the settlement discussion.

In the bankruptcy case, many of the construction lien claimants have not only a construction lien claim, but a claim for administrative expenses under 11 U.S.C. § 503(b)(9) for the value of

goods delivered to the debtor within 20 days before the petition date. Finally, some or all of the construction lien claimants also have a general unsecured claim. The settlement negotiations between the bank and the trustee, with participation of counsel for the committee, apparently focused on how to divide the proceeds of sale of 25 or 26 finished and unfinished houses among the bank, the construction lien claimants, and the trustee for the benefit of the estate. One issue involved making certain that a construction lien claimant that also held an administrative expense claim did not receive a duplicate payment. One attempt to deal with the issue was made by counsel for the committee in a proposed settlement document attached as Exhibit A to the declaration of counsel for the trustee, at Filing No. 713. In that proposed draft, at paragraph 2(a), a distribution formula provided that the sales price would be reduced by taxes, finishing costs and closing costs; 75% of each construction lien amount would then be paid on the construction lien; then 40% of the Great Western Bank lien amount would be paid. The balance, if any, would be distributed to the estate and available for payment in full of all allowed administrative, priority and general unsecured claims, including the 20-day claims provided for in 11 U.S.C. § 503(b)(9).

In that draft, at paragraph 10, it was proposed that

> Each of the three formulas identified above provides for distribution of sale proceeds to the bankruptcy Estates, and all such proceeds shall be available to pay all administrative claims, including all 20-Day Claims, regardless of the identity of the Debtor LLCs that owned the 26 houses or of the Debtor against which any particular claim might be asserted.

Then, at subparagraph (a) of paragraph 10, the draft proposed, "[I]f a claimant receives 75% distribution on a claim by reason of a construction lien against one of the 26 Houses, such claimant may not also receive more than the remaining 25% thereof as a 20-Day Claim".

According to the declarations of the trustee and counsel for the trustee, the trustee was not satisfied with this type of distribution or formula and preferred that any payment on the construction lien claim would be treated as a credit against any claim, be it administrative, priority, or general unsecured claim, held by the construction lien claimant. Therefore, counsel for the trustee drafted Exhibit B to his declaration, Filing No. 713. That draft, at paragraph 3 on page 3, stated,

> All amounts received by each construction lienor pursuant to this Stipulated Order shall be a credit to any claim possessed by said construction lienor against the debtors/bankruptcy estates of Benchmark Homes, Inc., Ashford Hollow, LLC, Saddlebrook Properties, LLC, Canterbury Crossing, LLC, and/or One-Ninety Two, LLC, including any claims under Section 503(b)(9).

That draft was sent to counsel for the committee. He obviously disapproved of it because he prepared significant amendments to it and submitted them to counsel for the trustee. The amended draft prepared by counsel for the committee is attached to Filing No. 713 at Exhibit C. At paragraph 5 of the amended draft, counsel for the committee provided that all remaining sale proceeds which are not used to pay construction liens shall be property of all the administratively consolidated estates and shall be available to pay all administrative, priority and general unsecured claims. Further, at paragraph 9, counsel for the committee provided:

> Distributions to Construction Lien Defendants under this Stipulated Order or on account of 20-day administrative claims under 11 U.S.C. § 503(b)(9) may not be

    withheld or delayed for the purpose of creating a setoff against potential or alleged preference claims or any other claim by the Trustee or any of the estates against any of the Construction Lien Defendants.

    The trustee was not satisfied with the amended draft and directed his counsel to send the trustee's original draft to counsel for all of the construction lien claimants with a cover letter. That document and cover letter are attached to Filing No. 713 as Exhibit D.

    The trustee's proposed stipulated order was approved by the construction lien claimants and was submitted to this court for approval. The order was entered at Filing No. 638 on December 13, 2007. Apparently, as the houses were sold, the distribution formula was followed and the construction lien claimants received a specified percentage of the claim amount. The trustee did not immediately distribute funds on account of the administrative claims or the 20-day claims. On September 26, 2008, the trustee provided the 20-day claimants with an accounting and a payment calculated by the trustee to be consistent with the terms of the stipulated order formula. In response, Filing No. 706, a motion for immediate payment of allowed administrative expenses pursuant to 11 U.S.C. § 503(b), was filed. It urges the court to determine that the stipulated order was being misinterpreted by the trustee, thereby shorting the 20-day claimants because the trustee had credited the payments to the construction lien claimants against the 20-day claims. That motion was supported by a declaration from counsel for the committee.

    Hearing was held, evidence presented, and argument made. After a review of the stipulated order, the affidavits, and the proposed drafts submitted by counsel for the committee but rejected by the trustee, I find that the trustee's interpretation of the stipulated order is correct and the formula he used is consistent with the specific language of paragraph 3 of the stipulated order. Although the memories of counsel for the committee are inconsistent with those of counsel for the trustee, and the trustee, as reflected in the declarations, it is clear that the trustee did not accept the suggested drafts submitted by counsel for the committee which would have provided for payment in the manner the movants now desire. It is also clear that none of the construction lien claimants that held 20-day claims objected to the language in the stipulated order and none requested language similar to that which was suggested by counsel for the committee in his two drafts.

    THEREFORE, IT IS ORDERED that the Motion for Immediate Payment of Allowed Administrative Expenses, Filing No. 706, is denied.

    DATED:    October 29, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
Bankruptcy Judge

Notice given by the Court to:
    Robert Becker    Thomas Stalnaker
    Donald Swanson    Michael Whaley
    *Jenna Taub    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.